IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 01-037L |
| | : | |
| JOHN MARTINEZ | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

Introduction

The defendant, John Martinez (Defendant or Martinez), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Defendant's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 as of March 3, 2008.

The Defendant made two sales of crack cocaine to a cooperating person. The total amount of crack cocaine was 91.5 grams. An indictment was returned on May 2, 2001. The Defendant was not arrested until almost 23 months later under a different name. He had $3000 on his person and a motor vehicle when arrested.

On May 14, 2003, the Defendant pled guilty to the Indictment charging him with two counts of distributing crack cocaine, 30.3 grams and 61.2 grams respectively, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B). The first count called for a mandatory term of

imprisonment of five years. The second count called for a mandatory term of imprisonment of ten years.

A sentencing hearing was held on July 31, 2003. The Defendant's guideline range was 151-188 months imprisonment. The Defendant's motion for a downward departure was denied by the Court. The government recommended a sentence of 151 months imprisonment. The Court imposed a sentence of 168 months imprisonment, citing the Defendant's criminal history and his continuing recidivism. The Court indicated that it could depart upward from the guideline range, but decided against doing so.

In his motion, the Defendant argues that he is entitled to a two-level downward adjustment under the crack cocaine amendments. He states that his new offense level under the amendments is 27, which for a Criminal History Category VI yields a guideline range of 130-162 months imprisonment. He asks that the Court impose a sentence at the bottom of the guideline range, 130 months.

<u>Argument</u>

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of

crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Authority. -
>
> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment. -
>
> (1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

The reduction is not axiomatic. The Court retains its discretion as to whether a reduction should be allowed. That discretion is found within the words of § 3582(c)(2) which states that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Several Circuits agree that the Court acts within its discretion in deciding a motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

In the exercise of that discretion, the Court engages in a two-step process. First, the Court substitutes the amended guideline range for the original guideline range and determines what sentence it would have imposed. In doing so, all other original guidelines decisions remain intact. Second, the Court considers the 18 U.S.C. § 3553(a) factors and determines whether or not to grant the reduction. Vautier, 144 F.3d at 760.

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to U.S.S.G. § 1B1.10, the Court may consider all pertinent information in applying the § 3553(a) factors and

determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence *only* within the limits set forth in U.S.S.G. § 1B1.10(b).

As noted above, the Defendant's original guideline range was 151-188 months imprisonment. The Court imposed a sentence of 168 months imprisonment, an increase above the low end of the guideline range of approximately 11%. Applying the amendments, the new range would be 130-162 months. The Court has discretion to reduce the sentence. A comparable 11% increase from 130 months would be approximately 144 months. This would amount to a reduction in the Defendant's sentence of two years. As the Defendant's institutional conduct has been acceptable, and while the government opposes a reduction to 130 months, the government does not object to a reduction to 144 months imprisonment and would request that all other terms of the original sentence remain in effect.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)

CERTIFICATION

I hereby certify that on the 2nd day of July 2008, I electronically filed the Within Government's Response To Defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2), to:

Mary S. McElroy, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov