UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 01-037-01 |
| | ) | |
| JOHN MARTINEZ | | |

MOTION TO RECONSIDER

Now comes Mary S. McElroy, counsel for John Martinez, and moves this Honorable Court reconsider its order partial relief under the amendments to the crack cocaine sentencing guidelines. In support of this motion Mr. Martinez relies on the attached memorandum of law.

Respectfully submitted.

JOHN MARTINEZ
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Kenneth Madden, AUSA on the 31st day of July, 2008

/s/ Mary S. McElroy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-106S |
| | ) | |
| JESUS GONZALEZ | | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECONSIDER

On June 26, 2008 defense counsel filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. The United States Sentencing Commission reduced the federal sentencing guidelines for crack cocaine sentences on November 1, 2007. The effect of the amendment, and the later decision to make the amendment retroactive, was to lower the guideline range for most cases involving crack cocaine.

The government initially responded to the Mr. Martinez's motion by objecting a reduction to the low end of the amended guidelines and suggesting that a proportional reduction to the middle of the amended guideline range was appropriate in this case. Mr. Martinez responded to the government's objection. Because the government had committed, in the original plea agreement, to recommend the low end of the guideline range Mr. Martinez's position was that the government was bound to make a recommendation of the low end of the amended guidelines in this case. The government in this case did not agree to recommend a specific sentence but simply to recommend a sentence at the low end of the guideline range. Therefore the government cannot advocate for a sentence higher than the low end of the guideline. *See United States v. Canada*, 960 F.2d 263, 269 (1st Cir. 1992). After reviewing the case more fully, the government revised it's position and recommended the low end without

reservation.

This court granted Mr. Martinez's motion but only allowed a reduction to the middle of the amended guideline range. Mr. Martinez respectfully requests that this Court reconsider its decision and grant the reduction that he seeks and that the government recommends. Mr. Martinez requests that the court reduce his sentence to 130 months.

Under the United States Sentencing guidelines a defendant has a right to a hearing whenever any factor important to the sentencing determination is "reasonably in dispute." *See* U.S.S.G. § 6A1.3. ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.") When the United States Sentencing Commission amended the advisory guidelines it also revised Section 1B1.10. The revised §1B1.10 advises courts to consider all of the factors in 18 U.S.C. § 3553(a) "in determining (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S.S.G. § 1B1.10, comment. (n. 1 (B)(I)).

In this case Mr. Martinez requested a hearing in his objection to the government's response to his motion to reduce sentence. The Court did not address this request for a hearing. *See United States v. Byfield*, 391 F.3d 277, 280-81(D.C. Cir. 2004) (court abused its discretion in failing to order evidentiary hearing where defendant's uncontroverted factual assertions in §3582(c)(2) motion raised "enough of a smidgeon to put the matter 'reasonably in dispute'"). Courts routinely ordered hearings to assist in deciding § 3582(c)(2) motions for new sentence even before §1B1.10 was revised to invite the presentation of new facts and arguments not considered in the original sentencing to deny or reduce relief. *See e.g., Quesada-Mosquera v.*

*United States, 243 F.3d 685, 685 (2d Cir. 2001).*[1]

In determining an appropriate sentence for Mr. Martinez under the amended guidelines, the court must consider all of the factors set forth in 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.10. Those factors include;

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) kinds of sentence and the sentencing range established [under the guidelines]; (5) any pertinent policy statement. . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Absent agreement with the recommendation of both Mr. Martinez and the government the Court must convene a hearing to adequately assess these factors. In this case Mr. Martinez has presented the attorney for the government and the Court with numerous certificates that detail his achievements while at the Bureau of Prisons. (An additional copy of all of these certificates is again provided with this motion). He has not been a discipline problem as has been detailed for the Court in the probation report. On the contrary Mr. Martinez has availed himself of all of the programs available to him. He has used his time constructively. The Court is encouraged to consider post-sentencing conduct in determining if a reduction is warranted and if so to what extent. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). In addition the Court should consider the

---

[1] Other Judges in this district have held hearings pursuant to § 3582. Defendant's have "appeared" at these hearings by telephone conference.

factors that were presented on Mr. Martinez's behalf at his *original* sentencing. In his sentencing argument Mr. Martinez's counsel argued for a downward departure based on mitigating factors that were not adequately considered by the guidelines and based on the fact that a delay in Mr. Martinez's arrest resulted in an increase of his mandatory minimum sentence. See Sentencing Transcript p.3.[2] Mr. Martinez's attorney at sentencing argued that the Court should consider the fact that the delivery of drugs in this case was to a friend. There was no indication that Mr. Martinez would deal the amount of drugs in question in circumstances other than for a friend. There was also no indication that Mr. Martinez profited from the sale of drugs in this case. Mr. Martinez's prior history indicated that his crimes were those of a drug addict. Sentencing Transcript p. 4. He was not a large or even mid-level dealer.

The Court may certainly reduce Mr. Martinez's sentence to the low end of the new guideline range. U.S.S.G. §1B1.1, comment. (n. 3). In this case all of the factors that the Court must consider argue in favor of reducing Mr. Martinez's sentence to 130 months, the low end of the guideline range.

For all of these reasons Mr. Martinez respectfully requests that this Court reconsider its judgement entered on July 23, 2008 and grant Mr. Martinez the full reduction that the government supports in this case. If the Court is not inclined to grant the reduction requested by Mr. Martinez he would request a hearing.

---

[2] Mr. Martinez was originally sentenced on July 31, 2003, prior to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005) and was thus sentenced under the mandatory guideline scheme.

Respectfully submitted.

JOHN MARTINEZ
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Kenneth Madden, AUSA on the31st day of July, 2008

/s/ Mary S. McElroy